**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 19**

Docket No. DC-0843-14-0621-I-1

**Stephen Edward Moss,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

February 24, 2015

Stephen Edward Moss, Rockville, Maryland, pro se.

Patrick Jennings, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request to waive his potential future entitlement to a court-awarded former spouse survivor annuity so that he could receive an unreduced share of his former spouse's current monthly retirement annuity. For the following reasons, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant and his former spouse were divorced on December 8, 1997. Initial Appeal File (IAF), Tab 8 at 25-26.  In conjunction with a Judgment of Absolute Divorce, the Circuit Court for Montgomery County, Maryland issued an order awarding the appellant both an apportionment of a retirement annuity and the maximum possible former spouse survivor annuity, with the cost of the survivor annuity to be deducted from his share of the retirement annuity.  *Id.* at 27-29.    The appellant's former spouse retired under the Civil Service Retirement System (CSRS) on or about March 30, 2012.  *Id.* at 30-33.  The former spouse was unmarried and elected an annuity payable only during her lifetime and apparently did not inform OPM of the existence of the court order apportioning her annuity.  *Id.* at 30-31.  On or about April 17, 2013, the appellant contacted OPM about implementing the court order, and OPM verbally informed the appellant of the cost of his former spouse survivor annuity.  *See* IAF, Tab 1 at 19.  On April 17, 2013, the appellant emailed to OPM a request to waive his future entitlement to his former spouse survivor annuity so that he could receive an unreduced share of the retirement annuity.  IAF, Tab 7 at 7.  He also submitted an affidavit on May 7, 2013, asking OPM to "irrevocably waive [his] right to [his] court-awarded CSRS survivor benefit award" because of health concerns and the "catastrophic" cost of the survivor annuity.  IAF, Tab 1 at 19.  In an initial decision issued on July 3, 2013, OPM granted the appellant his court-awarded retirement and survivor annuity benefits and determined the monthly cost of the survivor annuity to be $598.  IAF, Tab 8 at 16-17.  The agency also denied his request to waive his survivor annuity.  *Id.*  On August 5, 2013, the appellant requested reconsideration of OPM's decision denying his request to waive his survivor annuity.  *See* IAF, Tab 1 at 13.  The agency affirmed its initial decision in a reconsideration decision, *id.* at 13-18; IAF, Tab 8

at 10-15,[*] and the appellant appealed the reconsideration decision to the Board without requesting a hearing, IAF, Tab 1.

¶3    On appeal, the appellant argued that OPM erroneously denied his request to waive his entitlement to receive a former spouse survivor annuity and allow him to collect an unreduced share of his former spouse's current retirement annuity. IAF, Tab 7 at 4-5. He contended that *Clark v. Office of Personnel Management*, 120 M.S.P.R. 440 (2013), and *Holly v. Office of Personnel Management*, 121 M.S.P.R. 134 (2014), support his argument that he has a statutory right to waive his survivor annuity under 5 U.S.C. § 8345(d). IAF, Tab 7 at 4-5. He also stated that the language of his irrevocable waiver "should be treated as surplusage in view of the *Clark* decision," which held that 5 U.S.C. § 8345(d) does not authorize an irrevocable waiver of an annuity. IAF, Tab 7 at 5; *see Clark*, 120 M.S.P.R. 440, ¶ 9. In an initial decision based on the written record, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 12, Initial Decision (ID) at 1, 4. She relied on *Clark* in finding that OPM properly denied the appellant's request to irrevocably waive his future entitlement to a court-awarded former spouse survivor annuity. ID at 3-4.

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response in opposition. PFR File, Tab 4.

## ANALYSIS

¶5    In his petition for review, the appellant argues that the administrative judge misinterpreted the Board's case law and statutes. PFR File, Tab 1. He alleges that both *Clark* and *Holly* support his argument that 5 U.S.C. § 8345(d) provides him "the right to waive his entitlement to a survivor annuity at any time." *Id.*

---

[*] The appellant's copy of the reconsideration decision is dated April 8, 2014, while the agency's copy is dated March 18, 2014. IAF, Tab 1 at 13-18, Tab 8 at 10-15. Because the date of the reconsideration decision is immaterial to the outcome of this appeal and neither party raises it as an issue, we need not address this discrepancy further.

at 6-7. The appellants in this case and in *Holly* both received court orders pursuant to divorce proceedings that awarded a portion of their former spouse's retirement annuity and the maximum survivor annuity, with the cost of the survivor annuity borne by the appellants. *See Holly*, 121 M.S.P.R. 134, ¶ 3; *see also* IAF, Tab 8 at 28. However, the Board held in *Holly* that the appellant could waive her entitlement to a court-awarded former spouse survivor annuity. *Holly*, 121 M.S.P.R. 134, ¶ 14. OPM argues that *Holly* is distinguishable because the appellant there had the right to elect a survivor annuity through a property agreement incorporated by the court order, whereas the appellant here was awarded the survivor annuity without an election right. PFR File, Tab 4 at 10-11. We agree that this is a distinguishing factor between the cases.

¶6        A former spouse of a deceased employee or annuitant is entitled to a survivor annuity if and to the extent expressly provided for in the terms of "any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C. § 8341(h)(1). A modification of the provisions involving an annuity in such a decree or order shall not be effective if made after the retirement or death of the employee concerned. 5 U.S.C. § 8341(h)(4); *see* 5 C.F.R. §§ 838.806(b), 838.1004(e)(1). The appellant in *Holly* did not attempt to alter the terms of the property settlement but simply exercised her election right. *Holly*, 121 M.S.P.R. 134, ¶¶ 9-10. The Board in *Holly* found persuasive the appellant's argument that the property settlement did not provide an unconditional or certain award of a survivor annuity. *Id.* Additionally, OPM's regulations specifically allow a former spouse to irrevocably elect not to be eligible for a former spouse survivor annuity when a court order provides an election right. 5 C.F.R. § 838.932. In contrast, the appellant's court order does not provide a right to elect a former spouse survivor annuity. IAF, Tab 8 at 28. Because the appellant's former spouse has already retired, OPM must follow the terms of the court order. *See* 5 U.S.C. § 8341(h)(4); *see also* 5 C.F.R. §§ 838.806(b), 838.1004(e)(1).

¶7       Furthermore, 5 U.S.C. § 8345(d) does not permit the appellant to waive his entitlement to a former spouse survivor annuity in order to increase his current share of a retirement benefit. Instead, the statute allows an individual entitled to an annuity to decline to accept payment of the annuity. 5 U.S.C. § 8345(d). Such an individual remains entitled to the annuity and can begin accepting payment at any time upon proper notice to OPM. *See id.* The appellant cannot yet waive payment of his former spouse survivor annuity under 5 U.S.C. § 8345(d) because his former spouse is still living. *See* 5 U.S.C. § 8341(h)(3)(A). Accordingly, the administrative judge properly affirmed OPM's reconsideration decision.

ORDER

¶8       This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals<br>for the Federal Circuit<br>717 Madison Place, N.W.<br>Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.